UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Francis Coleman, <br><br>                    *Plaintiff*, <br><br> -against- <br><br> Gorillas Technologies US Inc., <br><br>                    *Defendant*. | **RULE 23 CLASS ACTION COMPLAINT** <br><br> **Jury Trial Demanded** |

Plaintiff Francis Coleman ("Plaintiff"), individually and on behalf of all other similarly situated persons employed by Defendant Gorillas Technologies US Inc. ("Defendant"), as class representatives, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

1. Plaintiff and a proposed class of similarly situated persons worked for Defendant at worksites located throughout New York City, and were required to wear uniforms during the employment, and were not paid required uniform maintenance pay pursuant to 12 NYCRR 142-2.5(c).

2. Defendant also failed to pay Plaintiff and the proposed class statutorily required 'Call-in Pay' of four hours on days when they reported to their assigned worksites but were sent home because there was a lack of work to do, in violation of 12 NYCRR 142-2.3.

3. Plaintiff and a proposed class were required to use their personal cell phones for a variety of work-related tasks and to complete work-related duties, including taking pictures of work performed, and contacting their superiors to address issues related to how to complete assigned tasks.  Defendant did not fully reimburse Plaintiff for these expenses causing the Plaintiff's to earn less than the statutory minimum for all hours worked, and therefore the failure to reimburse for these expenses constituted illegal pay deductions from the paychecks of every member of the proposed class in violation of 12 NYCRR 142-2.10(b).

1

4. Plaintiff and a proposed class were not provided complete and accurate wage notices and wage statements as required by NYLL 195.

## THE PARTIES

5. Plaintiff was, at all relevant times, an adult individual residing in Brooklyn, New York and a citizen of New York.

6. Throughout the relevant time period, Plaintiff performed work for Defendant at a worksite located in Brooklyn, NY.

7. Defendant Gorillas Technologies US Inc. is a Delaware company.

8. According to the New York Department of State Records entry for Defendant Gorillas Technologies US Inc., the company maintains a service of process address in the care of Cogency Global Inc. at 122 East 42nd Street, 18th Floor, New York, NY, 10168.

## JURISDICTION AND VENUE

9. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs, and Plaintiff and the members of the proposed class are citizens of states different from that of Defendant.

10. This court also has diversity jurisdiction over this action pursuant to 28 U.S.C.A. § 1332(a)(1) and (c)(1). There is complete diversity of citizenship between the opposing parties since the Plaintiff reside in New York State and are citizens of that state, while Defendant is a citizen of Delaware.

11. There are over 100 members in the proposed class.

12. Defendant is subject to personal jurisdiction in New York as they do business

in New York.

13. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conducts business in this District.

## FACTS

14. Defendant required Plaintiff and the proposed class to wear a uniform to work.

15. The applicable Wage Order, at § 142-2.22, defines "Required uniform" as follows: "A required uniform shall be that clothing worn by an employee, at the request of the employer, while performing job-related duties or to comply with any State, city or local law, rule or regulation. It does not, however, include clothing that may be worn as part of an employee's ordinary wardrobe."

16. Plaintiff began the employment on or about November 24, 2021 and has worked for the company continuously through on or about August 24, 2022.

17. Plaintiff was paid $15 per hour as his regular rate of pay.

18. Defendant required Plaintiff to customarily wear a uniform consisting of a black vest, shirts, and contingent upon the weather condition, other apparel such as boots and rain gear.

19. All of the items required to be worn bore the "GORILLAS" logo on it.

20. In addition, the vest bore safety reflective strips and other markings that are unique to the purpose of delivery workers being made more visible while traversing public streets.

21. The required work uniform policy was consistently enforced by the employer, primarily because the employer desired: (1) workers to be able to be identified as Gorillas employees when making delivered in large commercial and residential buildings where access is

restricted to people who have a purpose to be there; and (2) advertise their company on the bodies of their delivery workers as they moved about the city and were visible to traffic and the public.

22. Defendant failed to pay plaintiff and the proposed class required 'Call-in Pay.

23. The applicable Wage Order, at § 142-2.3, defined "Call-in Pay" as an employee who by request or permission of the employer reports for work on any day shall be paid for at least four hours, or the numbers of hours in the regularly scheduled shift, whichever is less at the basic minimum hourly wage.

24. On the days Plaintiff reported to his assigned worksites, he was sent home due to lack of work, specifically, food delivery orders placed. In the month of March, Plaintiff was sent home at least once a week. In the months of June and July, Plaintiff was sent home at least twice a week.

25. Plaintiff is owed (doesn't know usually works 40hrs a week plus 15hr plus tips)

26. Plaintiff was required to use his personal cell phone for a variety of work related tasks and to complete work related duties such as: receiving the food delivery address, taking pictures of worked performed, communicating with customers and superiors to address issues related to how to complete assigned tasks.

27. Defendants furnished the plaintiff with $10 per week, to be applied towards his cell phone bill.

## RULE 23 CLASS ACTION ALLEGATIONS

28. The Proposed Class is defined as:

> All persons employed in a non-exempt position by Defendant in New York at any time six years prior to the filling of this Complaint through the entry of judgment in this case.

4

29. The members of the Proposed Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

30. There are more than 100 class members and Plaintiffs' claims are typical of those other members, in that any one would seek the same discovery, make the same legal arguments, and rely on the same factual record for summary judgment.

31. Plaintiffs and the Proposed Class have all been injured in that they have been: (i) not paid required uniform maintenance pay; (ii) had to incur out-of-pocket work expenses that brought their take home pay below minimum wage; (iii) not paid required call-in pay; and (iv) not provided complete and accurate wage notices and statements.

32. Defendants' corporate-wide policies and practices affected every non-exempt employee who worked in New York in the same way.

33. Plaintiffs are able to fairly and adequately protect the interests of the Proposed Class and have no interests antagonistic to it.

34. Indeed, Plaintiffs have advocated for employee rights, and fairness and equity in the workplace, including requesting higher pay, weekly payments, and reimbursement for travel expenses.

35. Plaintiffs are represented by attorneys who are experienced and competent to bring this action.

36. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to

prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

37. Common questions of law and fact exist as to the Proposed Class that predominate over any questions only affecting Plaintiffs and/or each member of the New York Class individually and include, but are not limited to, the following:

    a. Whether Defendant employed Plaintiff and the class members within the meaning of the New York Labor Law;

    b. What is Defendant's policy with respect to what employees wear to work?

    c. What was the hourly rate paid by Defendant to employees?

    d. How many times did Plaintiff and each member of the Class report to work for their regularly scheduled shift and were sent home early due to a lack of work?

    e. Whether Defendant failed to reimburse the cost of maintaining laundering, or purchasing a required uniform.

    f. Whether Defendant laundered or offered to launder the required uniforms;

    g. What items of information were indicated on employee wage notice and wage statements?

## CAUSES OF ACTION

**Count 1: New York Labor Law – UNIFORM MAINTENANCE PAY (Brought on behalf of Plaintiffs and Proposed Class)**

38. Plaintiff alleges and re-alleges all of the other paragraphs contained herein.

39. Defendants required Plaintiff and the Class to wear a uniform consisting of a shirt and vest emblazoned with Defendants' logo.

40. Defendant did not launder Plaintiff or the Class's required uniforms, nor did Defendant offer to launder them.

6

41. Plaintiff and the Class's uniforms were issued by Defendant for the expressed benefit of Defendant and it was a condition of their employment to wear them during each shift.

42. Defendant never paid Plaintiff or the Class any uniform maintenance pay or reimbursement for the cost of maintaining uniforms.

43. Plaintiff and the Class routinely spent time off-the-clock and money to clean and maintain their uniforms consistent with the uniform appearance standards Defendant required.

44. The hourly rate paid by Defendant to Plaintiff and the Class were either the applicable minimum wage, or a rate that although above the minimum wage was effectively below the minimum wage when calculating the unpaid uniform maintenance pay.

45. Upon information and belief, the cost of Plaintiffs' uniforms were deducted from Plaintiff wages.  The applicable wage order provides that "Where an employee purchases a required uniform, he shall be reimbursed by the employer for the cost thereof not later than the time of the next payment of wages."

46. In any event, Plaintiff not only brings this claim for the cost of the uniforms but also the cost of maintaining the uniforms.

47. Defendants' conduct is in violation of Article 19 of the New York Labor Law and its supporting regulations, including 12 N.Y.C.R.R. Part 142 the Minimum Wage Order for Miscellaneous Industries and Occupations.

> **Count II: New York Labor Law - Defendants Did Not Pay Plaintiffs Their Call In Pay as Required by N.Y. Comp.Codes R.& Regs**

48. New York requires that employers pay a minimum of four hours when they report to worksites on their regularly scheduled shifts, but are sent home for weather or other reasons:

49. Throughout their respective employment periods, Plaintiff were only paid for two hours on the days when they reported for their scheduled work shifts, but were sent home for weather or other reasons.

50. Plaintiff and the New York Class should have been paid for at least four hours on those days in accordance with 12 NYCRR 142-2.3, entitled them to recover maximum compensation for those unpaid hours, including unpaid wages, liquidated damages thereon, prejudgment interest, and attorneys' fees and expenses.

### Count III: Defendants Did Not Reimburse Plaintiffs for Necessary Expenses

51. Throughout their respective employment periods, Plaintiff was required to use his personal cell phones for a variety of work-related tasks and to complete work-related duties, including taking pictures of work performed, and contacting their superiors to address issues related to how to complete assigned tasks.

52. Defendant did not fully reimburse Plaintiff for these expenses causing the Plaintiff's to earn less than the statutory minimum for all hours worked, and therefore the failure to reimburse for these expenses constituted illegal pay deductions from the paychecks of every member of the proposed class in violation of 12 NYCRR 142-2.10(b).

53. By failing to reimburse the expenses as required, Defendants paid Plaintiffs and the proposed class below the statutory minimum for all hours worked, entitling them to recover an award of unpaid wages, liquidated damages thereon, prejudgment interest, and attorneys' fees and expenses.

### Count IV Failure to Provide a Wage Notice and Wage Statement as Required by the New York Wage Theft Prevention Act

54. Plaintiffs incorporate by reference the allegations in the prior paragraphs of this Complaint.

55. In violation of the New York Labor Law, N.Y. Lab. Law § 195(1)(a), Defendant failed to provide its employees, at the time of hiring, notice of the rate or rates of pay.

56. Defendant is an employer under Article 6 of the New York Labor Law.

57. Plaintiffs are employees of Defendant under Article 6 of the New York Labor Law.

58. At the time Defendant hired Plaintiffs and members of the Notice and Pay Statement Class, Defendant did not provide them notice of the rate or rates of pay for call-in pay or notice that their regular hourly wages may be prorated or reduced to a different hourly rate to make up for call-in pay.

59. In accordance with N.Y. Lab. Law § 198(1-b), if an employee does not receive notice of the rate or rates of pay under § 195(1)(a) within ten business days of hiring, the employee may recover up to $50 for each workday that violations occur or continue to occur, up to $5,000 plus reasonable costs and attorney fees.

60. Within ten business days of hiring Plaintiffs and continuously thereafter, Defendant failed to provide notice of the rate or rates of pay they would receive for call-in pay.

61. Based on the foregoing, Plaintiffs and the Notice and Pay Statement Class demand judgment against Whole Foods for damages in an amount to be determined at trial and all other appropriate relief.

62. In violation of the New York Labor Law, N.Y. Lab. Law § 195(3), Defendant failed to provide its employees with pay statements that accurately set forth the rate or rates of pay, the basis for those rates, or the number of regular hours worked.

63. Defendant is an employer under Article 6 of the New York Labor Law.

64. Plaintiffs are employees of Defendant under Article 6 of the New York Labor Law.

65. Plaintiffs are not exempt employees under the minimum wage orders issued by the Commissioner for the New York Department of Labor.

66. For pay periods that included days where Plaintiffs and Members of the Notice and Pay Statement Class were eligible for call-in pay, Defendant issued pay statements to Plaintiffs that did not accurately set forth the rate or rates of pay, the basis for those rates, or the regular number of hours worked. In particular, the pay statements did not accurately state the rate or hours for call-in pay.

67. In accordance with N.Y. Lab. Law § 198(1-d), if an employee is not provided with the statements required by § 195(3), the employee shall recover $250 for each workday that violations occur or continue to occur, up to $5,000 plus reasonable costs and attorney fees.

68. Based on the foregoing, Plaintiffs and the Call-in Class demand judgment against Defendant for damages in an amount to be determined at trial and all other appropriate relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure

B. Designation of Plaintiff Jonas as representative of the New York Rule 23 Class and counsel of record as Class Counsel;

C. Damages for Unpaid Wages in an amount to be determined at trial;

D. Compensatory damages in an amount to be determined at trial;

E. Liquidated damages;

F. Prejudgment and post-judgment interest;

G. Reasonable attorneys' fees and costs of the action;

H. All other damages and relief authorized by statute or law, including but not limited to punitive or liquidated damages, costs and attorney fees, and prejudgment interest.

I. Injunctive and Declaratory Relief;

J. Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Pursuant to FRCP 38 Plaintiff demands trial by jury on all issues.

Dated: New York, New York
September 27, 2022

**LAW OFFICE OF MOHAMMED GANGAT**

By: _____

Mohammed Gangat, Esq.
675 Third Avenue
Suite 1810
(718) 669-0714
mgangat@gangatllc.com

*Attorneys for Plaintiffs and Proposed Classes*